L. R. WILLIAMS, EXR. *et al. v.* JANE BELL.

[63 South. 646.]

1. WILLS. *Validity. Interest of legatee.*

A will bequeathing the proceeds of a fraternal insurance policy to a party on his paying the assessments on the policy was not void because the legatee was the master of the lodge and charged with the collection of assessments.

2. WILLS. *Attestation. Attesting by legatee.*

The fact that a legatee under a will is a witness to the will does not render it invalid as to him where there are two other witnesses who attested the same.

Appeal from the chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Suit by Jane Bell against L. R. Williams, executor, and others. From a decree for complainant, defendants appeal.

Henry Murphey, an old negro, died in December, 1903, having in June prior thereto made a will, which reads, as follows:

"I, Henry Murphey of the state of Mississippi and county of Washington and being of sound mind and memory do hereby make, publish and declare this my last will and testament in manner following that is to say it is my will that L. R. Williams to pay or have payed my assessments to the M. B. A. and that at my death to have my entire benefit due me by virtue of membership and I hereby nominate and appoint L. R. Williams to be the executor of this will hereby revoking all former wills by me made. This 8th day of June, 1903. It is also under-

stood should I myself resume all back payments and keep them up in my lifetime I can do so.

> my
> "HENRY (X) MURPHEY.
> mark
> "L. R. WILLIAMS.

"Witness:

>    "W. H. DOUGHIRTY.
>    "S. R. ROBERSON."

This will was duly probated after the death of Murphey, and Williams was appointed executor in February, 1904, and thereafter the Masonic Benefit Association, a fraternal order, paid the executor the proceeds of a policy of insurance for $500 on the life of Murphey. In August, 1907, the appellee filed a bill in the chancery court seeking to recover the proceeds of this insurance policy; the ground relied upon by her being: (1) That Williams did not comply with the terms of the will, and did not pay the assessments, but that decedent paid them and resumed all back payments, and kept them paid throughout his life; (2) that the will is too indefinite and uncertain to give said fund to Williams; (3) that it does not expressly or by implication name him legatee of said fund; (4) that the certificate of insurance named her as beneficiary, and that it was beyond the power of this testator, Murphey, to change the beneficiary in said certificate without her consent. The certificate of insurance shows that it is made payable to Henry Murphey. The testator had first taken out a certificate payable to his wife, but she had died childless before the testator and he afterwards had his benefit certificate changed and made payable to himself. The petitioner claims to be the sister and sole heir at law of Murphey. The appellant answered the bill, denying all of its allegations, especially that the petitioner was the heir at law of the testator. It is contended by the appellee that, inasmuch as Williams was master of the lodge and charged with the collection of assessments,

the will which makes him beneficiary of the proceeds of the policy is void on the ground of public policy. It is also contended that the will is void because Williams signed as a subscribing witness, but the will itself shows that two other witnesses attested same, and that it is upon their affidavits that the will was probated.

*Wynn, Wasson & Wynn,* attorneys for appellant.

*Watson & Jayne,* attorneys for appellee.

No brief of counsel on either side found in the record.

Argued orally by *W. T. Wynn,* for appellant.

SMITH, C. J., delivered the opinion of the court.

Conceding, but not deciding or meaning to intimate any opinion relative thereto, that appellee is right in all of her contentions, except the two herein specifically referred to, the decree of the court below must be reversed for the reason that the evidence is wholly insufficient to show that Murphey repaid to Wililams the money paid out by Williams in keeping up the assessments on Murphey's policy, and thereafter paid these assessments himself, with the intention of thereby revoking the will, or, as counsel put it, of adeeming the legacy therein bequeathed.

There is no merit in the contention that this will is void either because Williams was the master of the lodge, and by reason thereof charged with the collection of the assessments to be paid on Murphey's policy, or because he signed the will as an attesting witness, conceding that he in fact signed the will in such a capacity. The will was properly attested and proven by two other witnesses, and that is all the law requires.

*Reversed, and bill dismissed.*